IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY FLORIDA

TOMAS QUILES,

      Plaintiff,

v.

CASE NO.:

RIO STONE GROUP, INC., A Florida Profit
Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TOMAS QUILES ("QUILES" or "Plaintiff"), files this Complaint against Defendant, RIO STONE GROUP, INC. ("RSG" or "Defendant"), a Florida Profit Corporation, and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and the FLSA's retaliation provision to recover unpaid overtime, back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. Plaintiff is seeking in excess of $15,000.00 exclusive of attorneys' fees and costs.

## PARTIES

3. At all times material hereto, Plaintiff was a resident of Seminole County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation engaged in business in, among other places, Orange County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

9. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times relevant hereto, Defendant was primarily engaged in the sale and local delivery of granite and other stone products.

12. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. Defendant hired Plaintiff to work as a non-exempt local delivery driver from May 2, 2017, until his termination on April 12, 2018.

17. Plaintiff performed non-exempt duties and responsibilities and was entitled to be compensated for overtime work.

18. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

19. Defendant failed to pay Plaintiff for his overtime hours worked at time and one half his regular rate of pay.

20. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

21. Upon discovering that Defendant was not paying Plaintiff for his overtime hours worked, Plaintiff objected to Defendant's management, that Defendant's actions in this regard were illegal and violated the FLSA.

22. This objection from Plaintiff constituted protected activity under the FLSA at 29 U.S.C § 215(a)(3).

23. Plaintiff continued to voice his objections to Defendant including in the days prior to his termination.

24. Plaintiff was terminated shortly thereafter in direct retaliation for his objections.

25. Defendant violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c.    Defendant failed to maintain proper time records as mandated by the FLSA.

26.    Defendant violated the FLSA by terminating Plaintiff for his objections to Defendant's illegal pay practices, or what he reasonably believed to be illegal.

27.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

28.    Plaintiff re-alleges and reavers paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29.    During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

30.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

31.    At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

32.    Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

33. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

36. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-27 of the Complaint as if fully set forth herein.

37. On April 12, 2018, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C § 215(a)(3).

38. Defendant terminated Plaintiff solely because Plaintiff objected to Defendant's non-payment of his overtime wages under the FLSA.

39. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay, liquidated damages, as well as her costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: April 18, 2018.

        Respectfully submitted,

        *s/NOAH S. STORCH*
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        7450 Griffin Road, Suite 230
        Davie, Florida 33314
        Telephone:  (866) 344-9243
        Facsimile:   (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com

        *Attorneys for Plaintiff*