UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOMAS QUILES,

 Plaintiff,         CASE NO.:  6:18-cv-2140-Orl-37TBS

v.

RIO STONE GROUP, INC.,
A Florida Profit Corporation,

 Defendant.
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Rio Stone Group, Inc., (hereinafter referred to as "RSG" or "Defendant" or "the company") by and through its undersigned attorney, hereby files this Answer and Affirmative Defenses to the Plaintiff's ("Plaintiff") Complaint.

Defendant denies each and every allegation set forth in the Plaintiff's Complaint not expressly or otherwise admitted below.  Defendant also specifically reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

Defendant's responses to each of the specifically numbered paragraphs set forth in the Plaintiff's Complaint are as follows.

### JURISDICTION

1. Defendant admits, for jurisdiction purposes only, the allegations in paragraph 1 of the Plaintiff's Complaint.  Other than admitting the allegations in paragraph 1 of the Plaintiff's Complaint for jurisdiction purposes only, Defendant denies the allegations in paragraph 1 and

Defendant also denies any wrongdoing or violation of the FLSA and Defendant also denies that the Plaintiff is entitled to any of the relief that he seeks in the Plaintiff's Complaint.

2. Defendant admits, for jurisdiction purposes only, the allegations in paragraph 2 of the Plaintiff's Complaint. Other than admitting the allegations in paragraph 2 of the Plaintiff's Complaint for jurisdiction purposes only, Defendant denies the allegations in paragraph 2 and Defendant also denies any wrongdoing or violation of the FLSA and Defendant also denies that the Plaintiff is entitled to any of the relief that he seeks in the Plaintiff's Complaint.

## PARTIES

3. Defendant is without information as to the allegations contained in paragraph 3 of the Plaintiff's Complaint and therefore Defendant denies the allegations.

4. Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 5, Defendant only admits that it was the Plaintiff's former employer as to all times material and relevant to the Plaintiff's allegations and claims in the pending action. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits that it was the Plaintiff's former employer as to all times material and relevant to the Plaintiff's allegations and claims in the pending action as alleged in paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits that it was the Plaintiff's former employer as to all times material and relevant to the Plaintiff's allegations and claims in the pending action as alleged in paragraph 7 of the Plaintiff's Complaint.

8. The allegations contained in paragraph 8 of the Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 8, Defendant only admits that it was the Plaintiff's former employer as to all times material and relevant to the Plaintiff's allegations and claims in the pending action. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 8 of the Plaintiff's Complaint.

9. The allegations contained in paragraph 9 of the Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 9, Defendant only admits that it was the Plaintiff's former employer as to all times material and relevant to the Plaintiff's allegations and claims in the pending action. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Plaintiff's Complaint only to the extent that the Defendant is engaged in the sale and delivery of granite and other stone products. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 11 of the Plaintiff's Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Plaintiff's Complaint only to the extent that the Defendant employed two or more employees during the

Plaintiff's former employment with the company. The remaining allegations contained in paragraph 12 of the Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 12, Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 12 of the Plaintiff's Complaint.

13. The allegations contained in paragraph 13 of Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 13, Defendant only admits that it was the Plaintiff's former employer as to all times material and relevant to Plaintiff's allegations and claims in the pending action. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 13 of Plaintiff's Complaint.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 14, Defendant only admits that it was the Plaintiff's former employer as to all times material and relevant to Plaintiff's allegations and claims in the pending action. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Plaintiff's Complaint.

## STATEMENT OF FACTS

16. Defendant admits the allegations contained in paragraph 16 of the Plaintiff's Complaint only to the extent that it hired and formerly employed the Plaintiff as a truck driver for the period of employment alleged in paragraph 16 of the Plaintiff's Complaint. Defendant

denies the remaining allegations, inferences and legal conclusions in paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations, inferences and legal conclusions in paragraph 17 of the Plaintiff's Complaint as the Plaintiff was exempt from overtime under the Motor Carrier Act exemption of the FLSA.

18. Defendant denies the allegations, inferences and legal conclusions in paragraph 18 of the Plaintiff's Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Plaintiff's Complaint but only on the basis that it did not pay the Plaintiff for overtime because he was paid a weekly salary and also because the Plaintiff did not work any overtime hours and also because the Plaintiff was exempt from overtime under the Motor Carrier Act exemption to the FLSA. Defendant denies the remaining allegations, inferences and legal conclusions in paragraph 16 of the Plaintiff's Complaint that it allegedly "failed" to pay the Plaintiff for his overtime hours worked at time and one half his regular rate of pay as Defendant denies that the Plaintiff worked any overtime or that he is owed any overtime pay.

20. Defendant denies the allegations, inferences and legal conclusions in paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations, inferences and legal conclusions in paragraph 21 of Plaintiff's Complaint.

22. The allegations contained in paragraph 22 of the Plaintiff's Complaint constitute legal conclusions which Defendant can neither admit nor deny. To the extent that Defendant is required to respond to the allegations in paragraph 22, Defendant denies the allegations, inferences and legal conclusions in paragraph 22 of the Plaintiff's Complaint.

5

23. Defendant denies the allegations, inferences and legal conclusions in paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations, inferences and legal conclusions in paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations, inferences and legal conclusions in paragraph 25 and all of the subparts of paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations, inferences and legal conclusions in paragraph 26 of the Plaintiff's Complaint.

27. Defendant is without information and therefore it denies the allegations that are set forth in paragraph 27 of the Plaintiff's Complaint.

### COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

28. Defendant reasserts and incorporates by reference their responses to paragraphs 1 through 27 of the Plaintiff's Complaint, as set forth above.

29. Defendant denies the allegations, inferences and legal conclusions in paragraph 29 of the Plaintiff's Complaint.

30. Defendant denies the allegations, inferences and legal conclusions in paragraph 30 of the Plaintiff's Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Plaintiff's Complaint but only on the basis that it did not maintain the time records because the Plaintiff was paid a weekly salary and also because the Plaintiff did not work any overtime hours and also because the Plaintiff was exempt from overtime under the Motor Carrier Act exemption to the FLSA. Defendant denies the remaining allegations, inferences and legal conclusions in

paragraph 31 of the Plaintiff's Complaint that it allegedly "failed" to maintain the time records as Defendant denies that the Plaintiff worked any overtime or that he is owed any overtime pay.

32. Defendant denies the allegations, inferences and legal conclusions in paragraph 32 of the Plaintiff's Complaint.

33. Defendant denies the allegations, inferences and legal conclusions in paragraph 33 of the Plaintiff's Complaint.

34. Defendant denies the allegations, inferences and legal conclusions in paragraph 34 of the Plaintiff's Complaint.

35. Defendant denies the allegations, inferences and legal conclusions in paragraph 35 of the Plaintiff's Complaint.

WHEREFORE PARAGRAPH OF COUNT I.  Defendant denies that the Plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE paragraph and in all of the subparts of the WHEREFORE paragraph in Count I of the Plaintiff's Complaint

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

36. Defendant reasserts and incorporates by reference their responses to paragraphs 1 through 27 of the Plaintiff's Complaint, as set forth above.

37. Defendant denies the allegations, inferences and legal conclusions in paragraph 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations, inferences and legal conclusions in paragraph 38 of the Plaintiff's Complaint.

39. Defendant denies the allegations, inferences and legal conclusions in paragraph 39 of the Plaintiff's Complaint.

WHEREFORE PARAGRAPH.  Defendant denies that the Plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE paragraph in Count II of the Plaintiff's Complaint.

### JURY DEMAND

Defendant admits that the Plaintiff demands a trial by jury.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the allegations in the Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state facts sufficient to state claims upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Any unpaid overtime pay that the Plaintiff is claiming is offset by any pay or other employee benefits or monies that Defendant paid to the Plaintiff for a particular workweek as part of his weekly salary or by any pay that Defendant was not required to pay to the Plaintiff for a particular workweek.

### THIRD AFFIRMATIVE DEFENSE

Any act or omission by Defendant with respect to the matters at issue herein were in good faith and in compliance with the FLSA and its regulations and Defendant had no reasonable grounds to believe that its acts or omissions may have violated the FLSA and its regulations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any statutory penalties or liquidated damages that he may be claiming and seeking in this action due to the Defendant's good faith dealings with the Plaintiff in this action.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not act with the intent to legally deprive the Plaintiff of any alleged unpaid overtime wages that the Plaintiff is claiming in this action.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any of the allegations or claims in the Plaintiff's Complaint, or any claims raised hereinafter by the Plaintiff, are outside of the statute of limitations periods of the FLSA and its regulations, such claims by the Plaintiff are barred.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for liquidated damages under the FLSA is barred as Defendant made decisions regarding the Plaintiff's classification and compensation in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

Any amounts that may be deemed to be owed to the Plaintiff are de minimis such that any action for same under the FLSA is barred.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has waived his right to claim additional compensation by accepting the wages that he was paid during his former employment with Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims in this action are barred as the Plaintiff was exempt from overtime under the Motor Carrier Act exemption to the FLSA.

### THITEENTH AFFIRMATIVE DEFENSE

The Plaintiff's FLSA retaliation claim in this action is barred as the Plaintiff was terminated for legitimate non retaliatory reasons relating to his unsatisfactory job performance.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims in this action are barred as the Plaintiff signed an agreement with the Defendant in which he waived and released any and all of his pay related claims prior to entering into the agreement in exchange for the Defendant paying the Plaintiff's costs for legal fees for the defense of a criminal matter pertaining to the Plaintiff.

### RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend this Answer and to add any additional defenses or counterclaims which may become known during the course of discovery or the litigation of this action.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant respectfully requests that this Honorable Court: (1) enter judgment in favor of Defendant and against the Plaintiff; (2) award Defendant its costs of defending this action; (3) award Defendant its reasonable attorney's fees for having to defend this action as may be determined by the Court

pursuant any other applicable law, rule, regulation or agreement; and, (4) grant such other and further relief as this Court may deem just and proper.

Dated this 18th day of December, 2018.

Respectfully submitted,

*/s/John Finnigan*
John Finnigan
Florida Bar No.:  0972363
FINNIGAN LAW FIRM, P.A.
1700 Maitland Avenue
Maitland, Florida  32751
Telephone:  (407) 478-3700
Facsimile:   (407) 478-6999
Email: John@Finniganlaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Noah E. Storch, Esquire, Richard Celler Legal, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314, at noah@floridaovertimelawyer.com.

*/s/John Finnigan*
John Finnigan